UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Miguel L., | File No. 26-cv-740 (ECT/LIB) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

John R. Bruning, Hennepin County Adult Representation Services, Minneapolis, MN, for Petitioner Miguel L.

Ana H. Voss and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Miguel L. "has been present in the United States since at least 2022." Pet. [ECF No. 1] ¶ 2.[1]  He was not apprehended "at a border while seeking entry." *Id.* ¶ 33.  Miguel's Petition alleges, "[o]n information and belief," that Miguel "has not been in removal proceedings and does not have a removal order," nor does he have "any relevant criminal history." *Id.* ¶¶ 3, 18–19.  On January 27, 2026, Miguel was arrested "by federal agents inside his apartment building in Minneapolis, Minnesota," as part of "Operation

---

[1]    Though the Petition does not mention Miguel's country of origin, there is no dispute that Miguel is a non-citizen.

Metro Surge." *Id.* ¶¶ 1, 11, 20–21.  The Petition alleges, again "[o]n information and belief," that "the agents did not have a valid warrant for his arrest." *Id.* ¶ 20.  According to the Petition, "[i]t is unknown whether agents entered the building with the intention of arresting [Miguel], or if he was encountered by chance and was detained because of his race and ethnicity." *Id.*  Miguel "is currently detained at the Whipple Federal Building in Fort Snelling, Minnesota." *Id.* ¶ 11.  Respondents do not dispute the Petition's facts.  *See* ECF No. 5.

Miguel challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 8.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing).  Pet. ¶¶ 30–33; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Miguel, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment.  *See* Pet. ¶¶ 34–44.  Miguel seeks a declaration that his detention is unlawful; issuance of a writ of habeas corpus ordering Respondents to release him from custody; issuance of an order prohibiting his transfer from this District during the pendency of his Petition; attorneys' fees and costs; and "any and all further relief this Court deems just and proper."  Pet. at 10–11.

In their short response, Respondents argue that Miguel's Petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov.

10, 2025).  *See* ECF No. 5 at 1.  This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Miguel has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025).

---

[2]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Miguel's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

Miguel has lived in the United States for more than two years.  *See* Pet. ¶ 33.  His detention

falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a*

*warrant issued by the Attorney General*, an alien may be arrested and detained."

8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to

justify discretionary detention under section 1226(a)."  *Chogllo Chafla v.*

*Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21,

2025), *appeal filed* (Nov. 7, 2025).  "[I]t follows that absent a warrant a noncitizen may

*not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord*

*Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me.

Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D.

Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D.

Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that

"[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

the Attorney General discretion to detain or release 'the arrested alien' are likewise not

triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, Miguel

alleges that he was arrested without a warrant.  Pet. ¶ 20.  Respondents were ordered to

include in their answer "[w]hether the absence of a warrant preceding [Miguel's] arrest

necessitates [Miguel's] immediate release."  *See* ECF No. 3 at 2.  Respondents have not

---

[3]     Respondents do not argue that Miguel is subject to mandatory detention pursuant to
8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition
would apply to Miguel's detention.  *See* ECF No. 5.

produced a warrant, nor have they advanced any specific argument that Miguel's release is an unwarranted remedy. *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Miguel L.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

---

[4]    The resolution of this statutory-interpretation question in Miguel's favor makes it unnecessary to address the Petition's remaining grounds.

2.      Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 1, 2026, at 8:13 p.m.      s/ Eric C. Tostrud_____
      Eric C. Tostrud
      United States District Court